## IN THE UNITED STATE DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| DEBRA HARRISON, as Administrator of | ) | |
| the Estate of MAX BARLOW, Deceased, | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:06-cv-00759-LES-CSC |
| | ) | |
| PACTIV CORPORATION and | ) | |
| LOUISIANA-PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT LOUISIANA-PACIFIC CORPORATION ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Louisiana-Pacific Corporation (hereinafter referred to as "Defendant") timely files its Answer and Defenses to Plaintiffs' Complaint in the above-styled action as follows:

### FIRST DEFENSE

Plaintiffs' Complaint, and each Count therein, fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute or statutes of limitations and/or rules of repose.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## FOURTH DEFENSE

No act or omission on the part of Defendant caused or contributed to Plaintiffs' alleged injuries.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of assumption of risk and informed consent.

## SIXTH DEFENSE

Some or all of Plaintiffs' alleged injuries, damages or losses, if any, were proximately caused, or contributed to, by the negligence of the Plaintiffs (or Decedents).

## SEVENTH DEFENSE

Plaintiffs' alleged injuries, damages or losses, if any, were directly and proximately caused by the intervening, superseding acts and conduct of others over which Defendant had no control, thereby precluding any recovery against Defendant.

## EIGHTH DEFENSE

To the extent the Complaint fails to join indispensable parties, the Complaint must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part in as much as Defendant owed no legal duty to Plaintiffs (or Decedents) as alleged in the Complaint.

## TENTH DEFENSE

Plaintiffs (or Decedents) failed to mitigate any damages or losses that Plaintiffs allegedly sustained.

LEGAL02/30204176v1

### ELEVENTH DEFENSE

To the extent Plaintiffs seek punitive damages, an award of punitive damages in this case would violate Defendant's rights to procedural and substantive due process and to equal protection of the law under the Fifth and Fourteenth Amendments to the Constitution of the United States, U.S. Const. Amends. V, XIV, § 1, the excessive fines provision of the Eighth Amendment to the Constitution of the United States, U.S. Const. Amend. VIII, and Article I, Sections, 1, 6, 13 and 15 of the Constitution of the State of Alabama, in that (a) Alabama law provides inadequate standards or criteria for the determination of whether punitive damages should be imposed; (b) the standards or criteria provided by Alabama law for the determination of whether punitive damages should be imposed are impermissibly vague and indefinite; (c) Alabama law provides inadequate standards or criteria upon which a trier of fact may rely in determining the amount of a punitive damage award; (d) the procedures pursuant to which punitive damages may be awarded permit the imposition of different penalties for the same or similar acts; (e) the procedures pursuant to which punitive damages may be awarded under Alabama law fail to provide reasonable limits on the amount of punitive damages awarded; (f) Alabama law permits the imposition of punitive damages in excess of the amount permitted or required under statutes providing civil remedies or fines for the same or similar conduct, including willful conduct; (g) Alabama law permits the imposition of punitive damages in excess of the maximum criminal penalties for the same or similar conduct; (h) Alabama law permits the imposition of punitive damages, which are penal in nature, upon a burden of proof less than the "beyond reasonable doubt" standard required in criminal cases; (i) Alabama law permits the imposition of punitive

LEGAL02/30204176v1

damages that are grossly excessive and bear no rational or reasonable relationship to a defendant's conduct or culpability or to the actual harm suffered by a plaintiff; and (j) the procedures pursuant to which punitive damages may be awarded under Alabama law permit the imposition of punitive damages in an amount exceeding that reasonably necessary to accomplish any legitimate goals or policies of the State of Alabama.

## TWELTH DEFENSE

Plaintiffs' claim for recovery of punitive damages is barred by Ala. Code §§ 6-11-20 and 6-11-21.

## THIRTEENTH DEFENSE

An award of punitive damages in this case would violate Defendant's constitutional right to due process to the extent separate, individual determinations of punitive liability and amount are not allowed as to each defendant.

## FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims may be preempted by state and/or federal statutes, rules, and regulations.

## FIFTEENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may be asserted by other parties or as may become available or apparent during the course of discovery.

## SIXTEENTH DEFENSE

Plaintiffs' allegations of fraud, misrepresentation, deceit, and conspiracy are not stated with the degree of particularity required by the applicable law and should be dismissed.

## SEVENTEENTH DEFENSE

Defendant is entitled to a set off of any and all sums received by Plaintiffs from any source as a consequence of their alleged injuries or damages.

## EIGHTEENTH DEFENSE

If Plaintiff suffered legal injuries, which Defendant denies, said injuries were not caused or contributed to by exposure to any chemical or substance for which Defendant is responsible, but rather by exposure to dangerous or hazardous chemicals, fumes, products, substances, dust, etc. present at Plaintiffs' (or Decedents') workplaces or elsewhere for which Defendant is not responsible.

## NINETEENTH DEFENSE

Defendant pleads that to the extent it is liable to Plaintiffs, which is denied, Defendant is entitled to indemnification and/or contribution from other parties.

## TWENTIETH DEFENSE

Defendant pleads that the negligence and conduct of Plaintiffs' (or Decedents') employers and/or labor unions are a partial or complete bar to all of Plaintiffs' claims.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are or may be barred or otherwise limited or affected by the application of provisions of the law or statutes of the states or jurisdictions other than the state of Alabama where Plaintiffs' (or Decedents') alleged exposures may have occurred.

## TWENTY-SECOND DEFENSE

The claims or some or all Plaintiffs are improperly joined.

LEGAL02/30204176v1

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the workers compensation statutes and regulations of the State of Alabama or the other states or jurisdictions where Plaintiffs' (or Decedents') alleged exposures may have occurred.

## TWENTY-FOURTH DEFENSE

Defendant responds to the allegations contained in the individually numbered Paragraphs of Plaintiffs' Complaint against it as follows:

## JURISDICTION

1.

Defendant admits that Plaintiff filed this action alleging wrongful death. Defendant admits that this Court has jurisdiction. Defendant admits that Louisiana-Pacific Corporation is a Delaware corporation with its principal place of business in Tennessee. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 1 and can neither admit nor deny same. Except as thus stated, denied.

## VENUE

2.

Defendant admits that venue is proper in this Court. Except as thus stated, denied.

LEGAL02/30204176v1

## DEFENDANTS

### 3.

Admitted.

### 4.

Defendant is without knowledge and information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 4 and can neither admit nor deny same.

## PLAINTIFFS

### 5.

Defendant is without knowledge and information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 5 and can neither admit nor deny same.

### 6.

Defendant is without knowledge and information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 6 and can neither admit nor deny same.

### 7.

Defendant admits that Plaintiffs make a claim for wrongful death but deny that any release for which this Defendant is allegedly responsible caused or contributed to Plaintiffs' alleged injuries. Defendant is without knowledge and information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 7 and can neither admit nor deny same. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 7 that

LEGAL02/30204176v1

are directed to the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

## BACKGROUND

8.

Defendant admits that Plaintiffs make a claim for wrongful death but deny that any release for which this Defendant is allegedly responsible caused or contributed to Plaintiffs' alleged injuries.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 8 that are directed to the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

9.

Defendant admits that it owned a lumber mill that treated some wood products in Lockhart, Alabama (the "Facility") on or near a site previously occupied by Lockhart Lumber Company.  Except as thus stated, denied.

10.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form a belief or opinion as to the truth of the allegations of Paragraph 10 that are directed against the other named defendant and can neither admit nor deny same.

11.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 11 and can neither admit nor deny same.

LEGAL02/30204176v1

12.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 10 as they pertain to another defendant and can neither admit nor deny same.

13.

Defendant admits that it used boilers at various times in Facility operations and admits that it burned untreated wood waste and untreated bark in said boilers.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 13 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

14.

Upon information and belief, Defendant obtained all required permits for the operation of its boilers.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 14 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

15.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries.  Defendant further states that, upon information and belief, Defendant used the boilers as designed and intended.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 15 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

LEGAL02/30204176v1

16.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 16 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

17.

Upon information and belief, Defendant obtained all required permits for the operation of its boilers. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 17 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

18.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries. Defendant further states that, upon information and belief, Defendant used the boilers as designed and intended. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 18 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

19.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of

Paragraph 19 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

20.

Upon information and belief, Defendant obtained all required permits for the operation of its boilers. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 20 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

21.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries. Defendant further states that, upon information and belief, Defendant used the boilers as designed and intended. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 21 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

22.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 22 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

23.

Upon information and belief, Defendant obtained all required permits for the operation of its boilers. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 23 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

24.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries. Defendant further states that, upon information and belief, Defendant used the boilers as designed and intended. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 24 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

25.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 25 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

26.

Upon information and belief, Defendant obtained all required permits for the operation of its boilers. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 26 that are

LEGAL02/30204176v1

directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

27.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries.  Defendant further states that, upon information and belief, Defendant used the boilers as designed and intended.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 27 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

28.

Defendant denies that any materials incinerated in the boilers, if any, caused or contributed to Plaintiffs' alleged injuries.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 28 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

29.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 29 as they pertain to another defendant and can neither admit nor deny same.

30.

The allegations in Paragraph 30 merely state a legal conclusion to which no response is required.  To the extent Paragraph 30 includes any allegations against this Defendant requiring a response, denied.

LEGAL02/30204176v1

31.

The allegations in Paragraph 31 merely state a legal conclusion to which no response is required. To the extent Paragraph 31 includes any allegations against this Defendant requiring a response, denied.

32.

The allegations in Paragraph 32 merely state a legal conclusion to which no response is required. To the extent Paragraph 32 includes any allegations against this Defendant requiring a response, denied.

33.

The allegations in Paragraph 33 merely state a legal conclusion to which no response is required. To the extent Paragraph 33 includes any allegations against this Defendant requiring a response, denied.

34.

Defendant admits that creosote is a mixture of certain chemicals. Defendant denies that any creosote for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries. Defendant states that Paragraph 34 contains insufficient predicate information for Defendant to admit or deny any remaining allegations.

35.

Defendant admits that it used creosote at various times but denies that any creosote for which Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries. Defendant states that Paragraph 35 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this

Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 35 that are directed against the other named defendant and can neither admit nor deny same.

36.

Defendant admits that it used creosote at various times but denies that any creosote for which Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries.  Defendant states that Paragraph 36 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 36 that are directed against the other named defendant and can neither admit nor deny same.

37.

The allegations in Paragraph 37 merely state a legal conclusion to which no response is required.  To the extent Paragraph 37 includes any allegations against this Defendant requiring a response, denied.

38.

Defendant denies that any pentachlorophenol for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries.  Defendant states that Paragraph 38 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.

- 15 -

39.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 39 that are directed against the other named defendant and can neither admit nor deny same.

40.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 40 that are directed against the other named defendant and can neither admit nor deny same.

41.

Defendant admits that it used pentachlorophenol at various times but denies that any pentachlorophenol for which Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries.  Defendant states that Paragraph 41 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 41 that are directed against the other named defendant and can neither admit nor deny same.

42.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 42 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

43.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 43 that are directed against the other named defendant and can neither admit nor deny same.

44.

The allegations in Paragraph 44 merely state a conclusion to which no response is required.  To the extent Paragraph 44 includes any allegations against this Defendant requiring a response, denied.

45.

Defendant denies that any wood treatment chemical for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries. Defendant states that Paragraph 45 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 45 that are directed against the other named defendant and can neither admit nor deny same.

46.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 46 and can neither admit nor deny same.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 46 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

47.

The allegations in Paragraph 47 merely state a conclusion to which no response is required. To the extent Paragraph 47 includes any allegations against this Defendant requiring a response, denied.

48.

Defendant admits that wood treatment operations at the Facility including pressurized treatment cylinders produced waste water at various times. Defendant states that Paragraph 48 contains insufficient predicate information for Defendant to admit or deny any remaining allegations as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 48 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

49.

Defendant admits that its wood treatment operations produced waste water at various times but denies that said waste water caused or contributed in any way to Plaintiffs' alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in Paragraph 49 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

50.

Defendant admits that it operated water evaporation and containment areas at certain times. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations in Paragraph 50 that are directed against

LEGAL02/30204176v1

the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

51.

Defendant admits that it operated a spray evaporation system at the Facility at certain times but denies that said operation caused Plaintiffs (or Decedents) to be exposed to any chemical or substance that caused or contributed in any way to Plaintiffs' alleged injuries.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 51 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

52.

Denied as to Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 52 that are directed against the other named defendant and can neither admit nor deny same.

53.

Defendant admits that in November 1983 it began operating the lumber mill that treated some wood products in Lockhart, Alabama (the "Facility").  Except as thus stated, denied.

54.

Defendant admits that it began operating the Facility in November 1983, and that some former employees became employees of this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations in Paragraph 54 and can neither admit nor deny same.  Except as thus stated, denied.

- 19 -

55.

Defendant admits that it used chromated copper arsenic (CCA) at various times beginning within a year from the time Defendant began operating the Facility.  Except as thus stated, denied.

56.

Denied.

57.

The allegations in Paragraph 57 merely state a legal conclusion for which no response is required.  To the extent Paragraph 57 includes any allegations against this Defendant requiring a response, denied.

58.

Defendant denies that any arsenic for which it is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries.  Defendant states that Paragraph 58 contains insufficient predicate information for Defendant to admit or deny any remaining allegations.

59.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 59 that are directed against the other named defendant and can neither admit nor deny same.

60.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 60 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

61.

Defendant admits that it operated a spray evaporation system at the Facility at certain times.  Except as thus stated, denied.

62.

Denied.

63.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 63 that are directed against the other named defendant and can neither admit nor deny same.

64.

Denied.

65.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 65 that are directed against the other named defendant and can neither admit nor deny same.

66.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 66 that are directed against the other named defendant and can neither admit nor deny same.

67.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 67 that are directed against the other named defendant and can neither admit nor deny same.

68.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 68 that are directed against the other named defendant and can neither admit nor deny same.

69.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 69 that are directed against the other named defendant and can neither admit nor deny same.

70.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 70 that are directed against the other named defendant and can neither admit nor deny same.

71.

Denied.

72.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 72 that are directed against the other named defendant and can neither admit nor deny same.

73.

Defendant states that at some times its operations and processes occurred at night or on the weekends.  Except as thus stated, denied.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of

Paragraph 73 that are directed against the other named defendant and can neither admit nor deny same.

74.

The allegations in Paragraph 74 merely state a conclusion for which no response is required.  To the extent Paragraph 74 includes any allegations against this Defendant requiring a response, denied.

75.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 75 that are directed against the other named defendant and can neither admit nor deny same.

76.

Defendant admits that it utilized various chemicals in wood treatment operations. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 76 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

77.

Defendant admits that it utilized various chemicals in wood treatment operations. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 77 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

78.

Defendant denies that any on-site wood treatment process or operation caused Plaintiffs (or Decedents) to be exposed to any chemical or substance that caused or

contributed in any way to Plaintiffs' alleged injuries. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 78 that are directed against the other named defendant and can neither admit nor deny same.

79.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 79 as they pertain to the other named defendant and can neither admit nor deny same.

80.

Denied.

81.

Defendant admits that groundwater at the Facility has been remediated pursuant to plans and directions approved by the ADEM and the EPA. Except as thus stated, denied.

82.

Denied.

83.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 83 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

84.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 84 that are directed against the other named defendant and can neither admit nor deny same.

85.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 85 that are directed against the other named defendant and can neither admit nor deny same.

86.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 86 that are directed against the other named defendant and can neither admit nor deny same.

87.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 87 that are directed against the other named defendant and can neither admit nor deny same.

88.

Upon information and belief, Defendant states that waste ash from the facility boilers contained nonhazardous substances. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 88 and can neither admit nor deny same.

89.

Defendant admits that ashes from facility boilers were deposited at various times on Facility property but Defendant denies that said ashes caused or contributed to Plaintiffs' alleged injuries in any way.  Except as thus stated, denied.

90.

Denied.

91.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 91 as they pertain to the other named defendant and can neither admit nor deny same.

92.

Denied.

93.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 93 as they pertain to the other named defendant and can neither admit nor deny same.

94.

Defendant denies that any pentacholorphenol, creosote, or CCA for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries.  Defendant states that Paragraph 94 contains insufficient predicate information for Defendant to admit or deny the remaining allegations.

95.

Defendant denies that any air emissions or disposal for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries. Defendant states that Paragraph 95 contains insufficient predicate information for Defendant to admit or deny the remaining allegations. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 95 that are directed against the other named defendant and can neither admit nor deny same.

96.

Defendant denies that any air emissions or disposal for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries. Defendant states that Paragraph 96 contains insufficient predicate information for Defendant to admit or deny the remaining allegations. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 96 that are directed against the other named defendant and can neither admit nor deny same.

97.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 97 that are directed against the other named defendant and can neither admit nor deny same.

98.

Denied.

99.

Defendant denies that any pentacholorphenol, creosote, or CCA for which this Defendant is allegedly responsible caused or contributed in any way to Plaintiffs' alleged injuries. Defendant states that Paragraph 99 contains insufficient predicate information for Defendant to admit or deny the remaining allegations.

100.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 100 that are directed against the other named defendant and can neither admit nor deny same.

101.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 101 that are directed against the other named defendant and can neither admit nor deny same.

102.

Denied as to Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 102 that are directed against the other named defendant and can neither admit nor deny same.

103.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 103 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

104.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 104 as they pertain to the other named defendant and can neither admit nor deny same.

105.

Defendant admits that it has conducted remediation activities at the Facility in accordance with directions and approvals from the ADEM and the EPA.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 105 and can neither admit nor deny same. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 105 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

106.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 106 as they pertain to the other named defendant and can neither admit nor deny same.

107.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 107 as they pertain to the other named defendant and can neither admit nor deny same.

108.

The allegations in Paragraph 108 merely state a legal conclusion for which no response is required. To the extent Paragraph 108 includes any allegations against this Defendant requiring a response, denied.

109.

The allegations in Paragraph 109 merely state a legal conclusion for which no response is required. To the extent Paragraph 109 includes any allegations against this Defendant requiring a response, denied.

110.

Denied as to Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 110 that are directed against the other named defendant and can neither admit nor deny same.

111.

Denied as to Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 111 that are directed against the other named defendant and can neither admit nor deny same.

112.

Denied as to Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 112 that are directed against the other named defendant and can neither admit nor deny same.

113.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the allegations in Paragraph 113 and can neither admit nor deny same.

114.

Defendant is without knowledge or information sufficient to form an opinion or belief as to the allegations in Paragraph 114 and can neither admit nor deny same.

115.

Defendant admits that it entered into a specific tolling agreement applicable to some but not all of the 1427 named plaintiffs in this and related cases. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 115 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

116.

Defendant admits that at various times, some chemical disposal and handling activities were subject to federal and state regulatory control. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 116 that are directed against the other named defendant and can neither admit nor deny same. Except as thus stated, denied.

117.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of

Paragraph 117 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

118.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 118 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

119.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 119 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

120.

Defendant admits that, pursuant to federal and state regulations, it was at certain times required to maintain certain documents. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 120 that are directed against the other named defendant and can neither admit nor deny same.  Except as thus stated, denied.

121.

Defendant admits that Plaintiffs' counsel transmitted a written demand letter to Defendant on or about September 2004.  Except as thus stated, denied.

122.

Denied.

123.

Denied.

## COUNT ONE

## NEGLIGENCE

124.

Defendant states that at all times material hereto Defendant has operated the
Facility consistent with its legal duty to all Plaintiffs in this case and the related cases.
Defendant is without knowledge or information sufficient to form an opinion or belief as
to the truth of the allegations of Paragraph 124 that are directed against the other named
defendant and can neither admit nor deny same.

125.

Denied as to this Defendant.  Defendant is without knowledge or information
sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 125
that are directed against the other named defendant and can neither admit nor deny same.

126.

Denied as to this Defendant.  Defendant is without knowledge or information
sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 126
that are directed against the other named defendant and can neither admit nor deny same.

- 33 -

127.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 127 that are directed against the other named defendant and can neither admit nor deny same.

128.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 128 that are directed against the other named defendant and can neither admit nor deny same.

129.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 129 that are directed against the other named defendant and can neither admit nor deny same.

130.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 130 that are directed against the other named defendant and can neither admit nor deny same.

**COUNT TWO**

**RECKLESSNESS**

131.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 131 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

132.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 132 that are directed against the other named defendant and can neither admit nor deny same.

133.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 133 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT THREE

## NEGLIGENCE PER SE

134.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 134 that are directed against the other named defendant and can neither admit nor deny same.

135.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 135 that are directed against the other named defendant and can neither admit nor deny same.

136.

Denied as to this Defendant. Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 136 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

137.

Defendant denies the allegations of Paragraph 137, and its subparts.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 137, and its subparts, that are directed against the other named defendant and can neither admit nor deny same.

138.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 138 that are directed against the other named defendant and can neither admit nor deny same.

139.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 139 that are directed against the other named defendant and can neither admit nor deny same.

140.

Defendant denies that it violated any of the federal regulations cited in subsections (a), (b), and (c).  Defendant denies all remaining allegations as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 140, and its subparts, that are directed against the other named defendant and can neither admit nor deny same.

141.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 141 that are directed against the other named defendant and can neither admit nor deny same.

LEGAL02/30204176v1

142.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 142 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT FOUR

## INTENTIONAL TORT

143.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 143 that are directed against the other named defendant and can neither admit nor deny same.

144.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 144 that are directed against the other named defendant and can neither admit nor deny same.

145.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 145 that are directed against the other named defendant and can neither admit nor deny same.

146.

Denied.

147.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 147 that are directed against the other named defendant and can neither admit nor deny same.

148.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 148 that are directed against the other named defendant and can neither admit nor deny same.

149.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 149 that are directed against the other named defendant and can neither admit nor deny same.

150.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 150 that are directed against the other named defendant and can neither admit nor deny same.

## COUNT FIVE

## NEGLIGENT FAILURE TO TRAIN AND SUPERVISE

151.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 151 that are directed against the other named defendant and can neither admit nor deny same.

152.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 152 that are directed against the other named defendant and can neither admit nor deny same.

153.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 153 that are directed against the other named defendant and can neither admit nor deny same.

154.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 154 that are directed against the other named defendant and can neither admit nor deny same.

**COUNT SIX**

**PRODUCTS LIABILITY**

Defendant moves to dismiss Count Six pursuant to its Motion to Dismiss and Memorandum of Law in Support thereof.  Consequently, no response to Count Six is required.  To the extent a response is required, Defendant denies the allegations in Paragraphs 155 through 160 as to this Defendant.  Defendant is without knowledge or information sufficient to form a belief or opinion as to the truth of the allegations of Paragraphs 155 through 160 that are directed at the other named defendant and can neither admit nor deny same.

- 39 -

## COUNT SEVEN

## FAILURE TO WARN

161.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 161 that are directed against the other named defendant and can neither admit nor deny same.

162.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 162 that are directed against the other named defendant and can neither admit nor deny same.

163.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 163 that are directed against the other named defendant and can neither admit nor deny same.

164.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 164 that are directed against the other named defendant and can neither admit nor deny same.

165.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 165 that are directed against the other named defendant and can neither admit nor deny same.

166.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 166 that are directed against the other named defendant and can neither admit nor deny same.

167.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 167 that are directed against the other named defendant and can neither admit nor deny same.

168.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 168 that are directed against the other named defendant and can neither admit nor deny same.

169.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 169 that are directed against the other named defendant and can neither admit nor deny same

**COUNT EIGHT**

**NUISANCE**

170.

Denied.

171.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 171 that are directed against the other named defendant and can neither admit nor deny same.

172.

Denied as to this Defendant.  Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations of Paragraph 172 that are directed against the other named defendant and can neither admit nor deny same.

Defendant further pleads that any allegation not specifically admitted above is hereby denied.

## **JURY DEMAND**

Defendant demands a jury trial.

WHEREFORE, having answered fully, Defendant prays that Plaintiffs' Complaint against it be dismissed with all costs cast on Plaintiffs.

LEGAL02/30204176v1

Respectfully submitted this 22nd day of December, 2006.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
  Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2006, I filed the foregoing via

the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Mark R. TerMolen

John C. Berghoff, Jr.

Matthew C. Sostrin

John A. Earnhardt

H. Thomas Wells, Jr.

Richard Elder Crum

/s/Orlyn O. Lockard, III
Of Counsel

- 44 -